LOTTIE WHEELER, Respondent, v. GEO. M. WHEELER, Appellant.

Kansas City Court of Appeals, November 4, 1895.

1. **Divorce:** INDIGNITIES: EVIDENCE. The evidence in this case supports the decree for divorce on the ground of indignities.

2. **Appellate Practice:** EVIDENCE: INVITED ERROR. An appellant can not complain of the inadmissibility of evidence introduced by himself; and where exception to the introduction of evidence is not preserved there is nothing to review regarding its admissibility.

*Appeal from the Clinton Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

*E. J. Smith* for appellant.

(1) For the sake of the argument admitting that in divorce cases other than *ex parte* proceedings, that in order to recover it is only necessary to establish the fact that plaintiff is an injured party, yet appellant earnestly contends that, in contemplation of law governing divorce on the grounds of indignities, the evidence fails to establish the fact that plaintiff is an injured party, let alone being an innocent one. But such is not the law. In order to recover, it must appear that the party recovering is the innocent and injured party. *Webb v. Webb*, 44 Mo. App. 229. (2) In divorce proceedings the parties are not competent witnesses as to words spoken by one to the other while they were alone; and the same rule applies to communications between them. *Brown v. Brown*, 53 Mo. App. 453, and cases there cited. (3) The admissions of a party to a proceeding for divorce are evidence against him; but

Wheeler v. Wheeler.

alone they are not sufficient to warrant a decree; they must be supported by other evidence. *Twyman v. Twyman*, 27 Mo. 383. (4) It is the province of the court to look into the general conduct of both parties and if they find that the acts complained of are the natural or probable result of the complainant's own misconduct, then the complainant can not recover. *Griesedieck v. Griesedieck*, 56 Mo. App. 94. (5) In divorce proceedings there are three parties to the suit, the plaintiff, the defendant, and the public; and although improper evidence be admitted without objection, or if objected to and objections overruled and there be no exceptions to such overruling; or there be a defense to the action, such as condonation or otherwise, and not pleaded, yet, if the same appears either by plaintiff's own admission upon the record or by the testimony of plaintiff's witnesses, the court of its own motion will take the objection at the hearing for the reason as the old maxim puts it: "A cause is never concluded as against the judge." *Moore v. Moore*, 41 Mo. App. 176, and case there cited.

*F. B. Ellis* for respondent.

(1) The point urged by appellant is unfounded, for the reason that the evidence failed to show any misconduct on the part of Mrs. Wheeler, while the evidence abundantly shows that the defendant subjected plaintiff to the worst kind of indignities, such as going around with a woman in a negro laundry. Where there are conflicting presumptions the presumption of innocence prevails against the presumption of a life of vice. *Waddingham v. Waddingham*, 21 Mo. App. 609; *Williams v. Williams*, 2 S. W. Rep. (Tex.) 823. (2) The third point urged by appellant is without merit, for the reason that the defendant intro-

duced the evidence now complained of. *Loomis v. Railroad*, 17 Mo. App. 340; *Noble v. Blount*, 77 Mo. App. 235. (3) We are willing to admit that a decree for divorce must be granted on competent and legal evidence. But there was certainly abundant evidence in this case to warrant the court in granting the divorce to the plaintiff. We think the case of *Brown v. Brown*, 53 Mo. App. 460, is an authority for the respondent.

SMITH, P. J.—Action of divorce. The general charge contained in the petition is that defendant offered plaintiff such indignities as to render her condition intolerable. Under this charge it is specified that the plaintiff and defendant resided in Kansas City seven or eight months and that during that time the defendant kept company with a notorious prostitute, in such an open and public manner as to become a matter of common knowledge and talk, to the great disgrace of himself and the shame and humiliation of the plaintiff, and that when remonstrated with by plaintiff for so doing, he would tell her to go home to her father and that he cared more for the little finger of the said prostitute than for her whole body. It is further specified that the plaintiff moved with defendant to the town of Cameron in this state, on the promise of defendant to reform his immoral life, but instead of keeping his promise so made, he at the latter place kept company with another lewd woman, to the knowledge of divers persons, which afterward came to the plaintiff. It was further specified that defendant habitually spoke disrespectfully to plaintiff, in the hearing of others, and in the same connection expressed the wish that plaintiff would leave him, as he had another woman ready to step in plaintiff's shoes and home. It is further specified that defendant, while plaintiff was absent with his consent visiting relatives,

wrote her an insulting letter, telling her "to come home on the first train, or go to hell," and that she could "go to either one she wanted to."

There are several other indignities alleged, but it is unnecessary to more particularly refer to them here. The answer was a general denial. The court below found the issues for the plaintiff and ordered a decree accordingly.

The finding of the court is sustained by the great preponderance of the evidence. It was conclusively established by the testimony of several witnesses that the defendant had confessed to them that he had not only associated with the vilest and most disreputable women, but had more than once been guilty of the crime of adultery. The defendant's disregard of his marital obligations to plaintiff were shown to have been of the most flagrant and shameless character. The plaintiff is shown to have been an industrious, virtuous woman. She was greatly injured by the unfaithful demeanor of her husband and was clearly entitled to the relief afforded her by the decree of the court.

Some point is suggested as to the admissibility of certain evidence, but the objectionable evidence was introduced by the defendant himself and it does not lie in his mouth to complain of an error, if such it was, that he invited. No objection was made to the action of the court in admitting or excluding any evidence, or, if so, no exception was taken or preserved to the ruling of the court thereon; so that there is no question arising on the evidence before us for review.

The decree of the court must be affirmed. All concur.